# IN THE COURT OF APPEALS OF IOWA

No. 25-0676
Filed January 7, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Antoine Pendleton Sr.,**
Defendant–Appellant.

Appeal from the Iowa District Court for Clinton County,
The Honorable Elizabeth O'Donnell, Judge.

**AFFIRMED**

Stuart Hoover, East Dubuque, Illinois, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

A defendant appeals his convictions following a jury trial for operating while intoxicated, third offense, in violation of Iowa Code sections 321J.1 and 321J.2(2)(c) (2024), and driving while barred in violation of sections 321.560 and 321.561, alleging the district court abused its discretion in denying his motion for a mistrial based on a tainted jury pool, culminating in a constitutional violation. Upon our review, we affirm.

## I.     Background Facts & Proceedings

Law enforcement observed a vehicle stopping and starting continually in the middle of the road as if it were having mechanical issues. An officer drove behind the vehicle and tried to verify its registration but was unable to because his radio was not functioning. The officer stopped his car to try to use the radio and lost sight of the vehicle.

The officer eventually learned the registration on the vehicle was expired and relocated the vehicle. When the officer turned his patrol car around to make a traffic stop, the driver, Antoine Pendleton, exited the vehicle at a stop sign and quickly walked away. The officer followed Pendleton on foot, commanding Pendleton to stop. But Pendleton continued to walk away.

After catching up with Pendleton, the officer detained him until other officers arrived. The officers had suspicions that Pendleton was intoxicated because of his bloodshot eyes and an odor of alcohol. The officers then applied for a search warrant to obtain a blood sample. The result of the blood test showed Pendleton's blood alcohol content was 0.143, above the legal limit to operate a vehicle. And law enforcement also learned that Pendleton's license was barred.

2

Prior to trial, the court granted defense counsel's motion in limine to exclude any evidence or statements referencing Pendleton's prior convictions.

During voir dire at trial, the State asked the potential jurors if there was anything they wanted to say before the State passed for cause. One of the prospective jurors stated:

> PROSPECTIVE JUROR: I probably—I don't know the Defendant personally, per se, but I am a correctional officer in Scott County.
>
> PROSECUTOR: Okay.
>
> PROSPECTIVE JUROR: And I feel like maybe he's been there before, so I don't know if that would make a difference.
>
> PROSECUTOR: Okay. So let's separate that into two parts. Your job as a correctional officer, would you have concerns about sitting on a jury and being impartial?
>
> PROSPECTIVE JUROR: I mean, yeah, maybe, per se, on the other side, I mean.
>
> PROSECUTOR: Okay. So, yeah. And would you—Let me be blunt, then. So would you worry if you thought the State hadn't done its job and you're going back to your coworkers and saying, yeah, I found him not guilty, that maybe like, what's the deal with that?
>
> PROSPECTIVE JUROR: I mean, yeah, per se.

The State moved to strike the prospective juror for cause, which was unopposed by defense counsel, and the court granted the strike. Then, during the next break, defense counsel moved for a mistrial based on the prospective juror's statements. The State resisted the motion. The court denied the motion based on the "speculative nature of her statements that she may recognize him." Defense counsel then conducted his voir dire of the

jurors and did not ask the other jurors about the effect of the statements or whether they had any bias against Pendleton.

After the conclusion of trial, the jury found Pendleton guilty as charged. Pendleton was sentenced to five years incarceration on the operating-while-intoxicated conviction and two years on the driving-while-barred conviction, to be served consecutively.

Pendleton now appeals, asserting the statements from the prospective juror tainted the jury pool because of alleged reference to prior incarceration, denying his constitutional right to a fair trial.

## II. Error Preservation

After the State questioned the prospective juror, during a recess, defense counsel made a motion for mistrial, which was denied by the court. Pendleton accordingly preserved error on his constitutional claim. *See State v. Ary*, 877 N.W.2d 686, 699–700 (Iowa 2016). But Pendleton failed to preserve error on his newly raised argument regarding a ground for a new trial under Iowa Rule of Criminal Procedure 2.24(b)(2). Motions for a new trial are posttrial motions, and Pendleton never filed such a motion, so the district court did not rule on a motion for a new trial. Pendleton failed to preserve this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Pendleton also asserts the district court should have polled the jurors concerning bias. This issue was not raised at trial, and the court did not rule on it. It is thus not preserved. *See id.* Even if this issue were preserved, it is in

the discretion of the district court whether to poll the jurors for inquiries of bias sua sponte. *See State v. Liggins*, 978 N.W.2d 406, 417–18 (Iowa 2022).

## III.    Standard of Review

We turn to the issue preserved for our review. We review a district court's denial of a motion for mistrial for abuse of discretion. *State v. Brown*, 5 N.W.3d 611, 614–15 (Iowa 2024). We afford the district court "considerable discretion in ruling upon motions for mistrial." *Id.* at 615 (citation omitted). "[W]e ordinarily only find an abuse of discretion upon the denial of a mistrial 'where there is no support in the record for the trial court's determination.'" *Id.* (citation omitted).

Pendleton urges us to apply de novo review because of his alleged constitutional violation based on a tainted jury. He bases this argument on *Liggins*, which discussed, but did not resolve, whether de novo or abuse-of-discretion review was appropriate. *See* 978 N.W.2d at 417-18 (noting that some authority could support de novo review but ultimately declining to reach the issue because "even applying the more stringent de novo review standard," the defendant's claim failed). But we agree with the State that this issue is to be reviewed for abuse of discretion. *See State v. Christensen*, 929 N.W.2d 646, 682–84 (Iowa 2019) (Waterman, J., concurring) (stating issues concerning juror-bias claims are to be reviewed for abuse of discretion).

## IV.    Discussion

Pendleton asserts that the statements made by the prospective juror implying Pendleton was previously incarcerated created bias within the jury pool and prejudiced him. Generally, "[e]xpressions of bias or prejudice by a single prospective juror *ordinarily* do not constitute a sufficient ground for disqualification of an entire jury panel." *Ary*, 877 N.W.2d at 701. But that is

not to say that all statements would be insufficient for disqualification, as "remarks made during voir dire *could* become so inflammatory and potentially prejudicial that [a] . . . panel could be disqualified." *Id.* (citation omitted). Juror bias "focuses on the ability of a juror to impartially consider questions raised at trial." *State v. Webster*, 865 N.W.2d 223, 232 (Iowa 2015). "It is a bedrock component of our system of justice that an accused charged with a criminal offense receives a fair trial before an unbiased decision-maker." *Id.* at 233 (citing Iowa Const. art. I, § 9).

Here, the statements by the prospective juror were not specific as far as actually identifying Pendleton, or stating where exactly the juror worked as a correctional officer. The prospective juror simply stated that maybe she had seen Pendleton before, without additional context. These statements were speculative at best, and do not necessarily rise to the level of bias. *See Ary*, 877 N.W.2d at 701.

And even if this juror's statements indicated bias that prejudiced Pendleton, his counsel could have examined the issue of implied bias during voir dire. "[T]o the extent particular jurors may be substantially prejudiced against a defendant, rigorous voir dire can be trusted to expose these prejudices." *State v. Misner*, 410 N.W.2d 216, 219–20 (Iowa 1987); *Ary*, 877 N.W.2d at 702 ("[H]ad defense counsel taken advantage of readily available avenues for exploring whether the statements affected the other panel members, he might have been able to discern whether the statements actually had any impact."). Here, defense counsel chose not to investigate whether the statements affected the other jurors, so there is no available indication of bias resulting in prejudice within the record.

We find the district court committed no error in denying Pendleton's motion for mistrial based on juror bias. Accordingly, we affirm.

**AFFIRMED.**